CHARLES W. SMITH *vs.* WILLIAM T. HASKINS.

PROVIDENCE—MARCH 7, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Deeds. Requisites to create Fee Simple.*

A mortgage deed, dated May 11, 1875, of an estate to "A. trustee, his successors and assigns," conveyed a life estate merely to the mortgagee, and hence a sale of the premises after his decease by his administrator with the will annexed was void.

(2) · *Trespass and Ejectment. Burden of Proof.*

In actions of trespass and ejectment the plaintiff must prevail on the strength of his own title and not on the weakness of the defendant's.

TRESPASS AND EJECTMENT. The facts are stated in the opinion. Heard on petition of defendant for a new trial. New trial granted.

(1)　　MATTESON, C. J. The plaintiff claims title to the estate demanded under a mortgagee's deed from Edward K. Glezen, as administrator with the will annexed on the estate of Abraham H. Okie, deceased, dated June 8, 1898. The mortgage under which the sale was made, on which the mortgagee's deed rests, was given, as appears by its date, May 11, 1875, by Albert K. Barnes to Abraham H. Okie, trustee. It runs to the mortgagee, "his successors and assigns," omitting the word "heirs," which, by the common law, is essential to create a fee. At that date the provisions of Gen. Laws R. I. cap. 202, § 21, modifying the common law so that the words "in fee simple" may be used to create a fee as well as the word "heirs," was not in force. Inasmuch as the word "heirs" is omitted from the deed, it must be construed as having conveyed merely a life estate to the mortgagee, and consequently the estate conveyed terminated at his death, and the attempted sale by his administrator years afterwards was void.

(2)　　It is a fundamental principle in actions of trespass and ejectment that the plaintiff must prevail on the strength of

his own title and not on the weakness of the defendant's. The plaintiff having failed to establish his title to the demanded premises, the defendant's petition for a new trial must be granted and the case remitted to the Common Pleas Division with direction to enter judgment for the defendant for costs.

*James C. Collins and James C. Collins, Jr.,* for plaintiff.
*Franklin P. Owen,* for defendant.